# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRUCE ROBERTSON (#113670)**                                    **CIVIL ACTION**

**VERSUS**

**WARDEN, ALLEN CORRECTIONAL CENTER**            **NO. 15-0049-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

BRUCE ROBERTSON (#113670)                                    CIVIL ACTION

VERSUS

WARDEN, ALLEN CORRECTIONAL CENTER                    NO. 15-0049-JWD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  There is no need for oral argument or for an evidentiary

hearing.  The petitioner's application should be denied as premature.

The petitioner, Bruce Robertson, challenges his criminal conviction and sentence, as

enhanced by a multiple offender adjudication, entered in 2008 after a jury trial conducted in the

Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one

count of attempted simple burglary.  The petitioner contends that he was provided with

ineffective assistance of counsel at trial in several respects, that his right to confrontation was

violated during trial, and that he was provided with ineffective assistance of counsel on appeal.

Factual And Procedural Background

According to the petitioner's application, and upon a review of attached exhibits, it

appears that he was charged with attempted simple burglary based upon an attempted break-in at

a warehouse in Baton Rouge, Louisiana.[1]  Ultimately, upon conviction and upon a finding that the

---

1. The Court does not have before it a certified copy of the state court record or certified
authentic copies of pleadings pertaining to the petitioner's state court criminal proceedings.
Instead, the Court has relied upon representations made by the petitioner in his application and
upon exhibits that the petitioner has attached thereto, which the Court has found to be adequate
in the present instance.

petitioner was a fourth felony offender, he was sentenced, on April 15, 2009, to twenty-five years in confinement, without the benefit of probation, parole or suspension of sentence.

The petitioner thereafter filed an application for post-conviction relief in the state court, seeking the right to pursue an out-of-time appeal, which motion was granted. The petitioner thereafter appealed his conviction and sentence and, on December 21, 2011, the Louisiana Court of Appeal for the First Circuit affirmed the conviction and habitual offender adjudication but vacated the habitual offender sentence and remanded the matter for re-sentencing (because the sentence had impermissibly imposed the sentence "without benefit of parole"). *See* R. Doc. 1-1 at pp. 3-12. In doing so, the appellate court explicitly pretermitted consideration of the petitioner's claims that the sentence was excessive and that his attorney had been ineffective for failing to seek reconsideration of the excessive sentence. *See id.* at p. 5. The petitioner's subsequent application for further review before the Louisiana Supreme Court in connection with that determination was denied, without comment, on May 4, 2012. *See State v. Robertson*, 88 So.3d 461 (La. 2012). According to the petitioner, he has not yet been re-sentenced for the offense charged.

In addition to the foregoing, in April, 2013, the petitioner filed a second application for post-conviction relief in the state trial court, asserting numerous claims of ineffective assistance of counsel, but not including a claim regarding the alleged excessiveness of his sentence or regarding the alleged deficient performance of his attorney in failing to object thereto. *See* R. Doc. 1-1 at p. 33. Upon denial thereof, the petitioner sought further review in the state appellate courts in connection with that determination, and the Louisiana First Circuit appellate court denied such review on February 27, 2014, *see* R. Doc. 1-1 at p. 95, and the Louisiana Supreme Court similarly denied review on November 7, 2014. *See State ex rel. Robertson v. State*, 152 So.3d 171 (La. 2014).

Legal Discussion

Based on the foregoing, the Court concludes that the petitioner's application should be dismissed as premature. Specifically, although his conviction and multiple offender adjudication have been affirmed on appeal, his sentence is not final because the intermediate appellate court remanded the matter for re-sentencing and, according to the petitioner, the re-sentencing has not yet occurred. As a result, after he is re-sentenced, the petitioner may again appeal the sentence and again assert that it is excessive.[2] The United States Supreme Court has addressed the issue of finality in a criminal case where a conviction has been affirmed but the sentence has been reversed. *See Burton v. Stewart*, 549 U.S. 147 (2007). In *Burton*, the Court concluded that a "final judgment" in a criminal case includes the finality of both the judgment of conviction and the sentence. *Id.* at 156-57. Therefore, for purposes of determining the finality of a criminal proceeding in a federal habeas corpus case and determining when the one-year limitations period commences in connection with such proceeding, the Court looks to when both the conviction and sentence are final by the conclusion of direct review or by the expiration of time for seeking such review. *Id.* Accordingly, inasmuch as the petitioner's sentence in this case is not yet final and inasmuch as he will have a continuing right to pursue direct review of the new sentence at such time as it is re-imposed, his criminal proceedings are not yet final, and federal habeas corpus review is not yet available to him. *See Horne v. Cain*, 2010 WL 1332977, *2 n. 17 (E.D. La. Feb. 24, 2010) (recognizing that where the petitioner has not been re-sentenced in connection with a conviction, his claims in connection with that conviction are not before the Court because the conviction "is not yet even final"); Pete v. Tanner, 2009 WL 2949984, *2 (E.D. La. Sept. 11, 2009) (noting that "an underlying criminal judgment is not considered final until *both* the

_____

2. The petitioner concedes in his application that the pendency of his re-sentence may render this habeas corpus proceeding premature. See R. Doc. at p. 16.

conviction and sentence are final" and, where the sentence on multiple offender proceedings had not yet been imposed, "arguably, petitioner's federal limitations period has not yet even commenced, much less expired"). *See also Gifford v. Wilkinson*, 2009 WL 4015428, *5 (E.D. La. Nov. 16, 2009) (noting that "in the case of a re-sentencing, the federal courts have resolved that the defendant's conviction does not become final until the conclusion of direct review of that new sentence or the expiration of time for seeking such review"); *Barbee v. Cain*, 2008 WL 975048, *10 (W.D. La. March 17, 2008) (same). Thus, the petitioner's claims in this proceeding are premature, and his habeas corpus application should be dismissed, without prejudice to re-filing at such time as his criminal proceedings are final and he has exhausted all of his claims before the courts of the State of Louisiana. *See Hooks v. Wetzel*, 2014 WL 684836, *2 (E.D. Pa. Feb. 20, 2014) (dismissing a habeas corpus application as premature and concluding that, "because the court remanded for resentencing and that resentencing has not yet occurred, petitioner's sentence is not final .... [and the] court will not grant habeas review or relief until petitioner has completed appellate review at the state level"). *Cf., Parks v. Bledsoe*, 2009 WL 3401173 (D.N.J. Oct. 21, 2009) (dismissing a habeas corpus application as premature because, in the absence of re-sentencing by the state court, the petitioner was not in custody pursuant to the judgment of a state court, and the federal habeas court therefore lacked jurisdiction to entertain the application).

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 28, 2015.


_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**